UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARNELL KENNETH JONES, JR., <br><br> Petitioner, <br><br> v. <br><br> FRANK A. McGUIRE, <br><br> Respondent. | Case No. CV 15-9464 DMG(JC) <br><br> ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |

## I. SUMMARY

On November 30, 2015, Darnell Kenneth Jones, Jr. ("petitioner"), a state inmate proceeding *pro se*, signed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") challenging his 2013 murder conviction in Los Angeles County Superior Court. (Petition at 2, 8.) The Petition, which was formally filed on December 8, 2015, raises a single ineffective assistance of counsel claim. (Petition at 5.)

It plainly appears from the face of the Petition and matters as to which this Court has taken judicial notice that petitioner's direct appeal of the judgment in the foregoing state case is currently pending in the California Supreme Court, and accordingly, that petitioner is not entitled to federal habeas relief on his claim at this time because abstention is appropriate.

As explained below, the Court must dismiss this action without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which requires a judge promptly to examine a federal habeas petition, and to dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. . . ."

**II.  DISCUSSION**

Except under narrow circumstances, federal courts abstain from interfering with pending state criminal proceedings.  See Younger v. Harris, 401 U.S. 37 (1971); see also 28 U.S.C. § 2283.  Federal courts may raise Younger abstention sua sponte.  See Hoye v. City of Oakland, 653 F.3d 835, 843 n.5 (9th Cir. 2011). Younger abstention is appropriate if:  (1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity in the state proceedings to resolve federal questions. Dubinka v. Judges of Superior Ct., 23 F.3d 218, 223 (9th Cir. 1994) (quotations and citations omitted).  In this case, all three of the Younger criteria are satisfied.

First, this Court takes judicial notice of the dockets of California Court of Appeal, 2nd Appellate District, Case No. B254370 and California Supreme Court Case No. S228554, available via http://appellatecases.courtinfo.ca.gov, which reflect that petitioner's direct appeal of his Los Angeles County Superior Court murder conviction remains pending in the California Supreme Court.  See Fed. R. Evid. 201; Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts).  Accordingly, it is apparent that there are ongoing state judicial proceedings – a factor which weighs in favor of abstention.  See Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir. 1972) (only in most unusual circumstances is defendant entitled to have federal interposition by way of injunction or habeas corpus until after jury comes in, judgment has been appealed from and case concluded in state courts); Roberts v. Dicarlo, 296 F. Supp. 2d 1182,

1185 (C.D. Cal. 2003) (<u>Younger</u> abstention appropriate where petitioner's direct appeal pending in state court of appeal).

Second, states have an important interest in passing upon and correcting violations of a defendant's rights. See <u>Roberts</u>, 296 F. Supp. 2d at 1185 (citation omitted). Accordingly, this factor likewise weighs in favor of abstention.

Third, petitioner has an adequate opportunity in the state proceedings, including state appellate proceedings, to resolve any federal questions that may have arisen during the proceedings. See <u>Middlesex County Ethics Committee v. Garden State Bar Ass'n</u>, 457 U.S. 423, 432 (1982) (where vital state interests involved, federal court should abstain unless state law clearly bars interposition of constitutional claims) (citations and quotations omitted); <u>United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.</u>, 971 F.2d 244, 253 (9th Cir. 1992) (doctrine of abstention precludes party from obtaining relief in federal court simply because party disagrees with result reached by state courts); <u>Pennzoil Co. v. Texaco, Inc.</u>, 481 U.S. 1, 15 (1987) (federal court should assume state procedures will afford adequate opportunity for consideration of constitutional claims in absence of unambiguous authority to contrary). Thus, this factor also weighs in favor of abstention.

Because all of the <u>Younger</u> requirements are satisfied, this Court must abstain and dismiss this action unless extraordinary circumstances exist. See <u>Colorado River Water Conservation Dist. v. United States</u>, 424 U.S. 800, 817 n.22 (1976) (<u>Younger</u> abstention not discretionary once conditions met); <u>World Famous Drinking Emporium, Inc. v. City of Tempe</u>, 820 F.2d 1079, 1081 (9th Cir. 1987) ("When a case falls within the proscription of <u>Younger</u>, a district court must dismiss the federal action.") (citation omitted). Here, neither the claim asserted by petitioner, nor anything else in the record suggest the existence of extraordinary circumstances. See <u>Younger</u>, 401 U.S. at 45-46. Consequently, this Court must

///

abstain from considering petitioner's challenge to the state judgment in issue and dismiss this action without prejudice.¹

**III.   ORDER**

IT IS THEREFORE ORDERED that the Petition is dismissed without prejudice and that Judgment be entered accordingly.

DATED: December 18, 2015

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE

Presented by:²

_____/s/_____
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

---

¹Notwithstanding petitioner's representation that his instant claim was raised in a habeas petition to the California Supreme Court (Petition at 5) – a representation which contradicts his earlier representation that he has not previously filed any habeas petitions in any state court with respect to the conviction in issue (Petition at 3), it appears that petitioner's sole claim is unexhausted as the California Supreme Court dockets, available via http://appellatecases.courtinfo.ca.gov, of which the Court takes judicial notice, contain no record of petitioner filing a habeas petition in such court challenging the conviction at issue.  Accordingly, dismissal of the Petition as wholly unexhausted is also appropriate.  See Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (once court determines that habeas petition contains only unexhausted claims, it may dismiss the petition for failure to exhaust).

²Pursuant to Local Rule 72-3.2, the Magistrate Judge promptly shall examine a petition for writ of habeas corpus, and if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge.